**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:26-cv-00024-MR**

| | | |
|---|---|---|
| DALLAS I. BRAND, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | **MEMORANDUM OF** |
| vs. | ) | **DECISION AND ORDER** |
| | ) | |
| LESLIE DISMUKES, | ) | |
| Secretary, North Carolina | ) | |
| Department of Adult Correction, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court upon further review of the pro se

Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, by

Dallas I. Brand, Jr., (herein "Petitioner") on January 12, 2026, [Doc. 1], as

well as the Amended Petition for Writ of Habeas Corpus, filed by the

Petitioner on April 20, 2026. [Doc. 7]. Also before the Court is the Petitioner's

Motion for the Appointment of Counsel. [Doc. 5].

## I.    BACKGROUND

Petitioner is a prisoner of the State of North Carolina.[1]  The Petitioner

---

[1]    See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=
0800641&searchOffenderId=0800641&searchDOBRange=0&listurl=pagelistoffendersea
rchresults&listpage=1(herein "NCDAC Database"); Fed. R. Evid. 201.

was convicted August 16, 2024, in Mecklenburg County Superior Court on one count of Accessory After the Fact to First-Degree Murder. [NCDAC Database]. The Petitioner received an active term of imprisonment of 88 to 118 months. [Id.]. Petitioner's projected release date from imprisonment is January 3, 2030. [Id.].

After the Petitioner sustained his state court conviction, no direct appeal was filed. As for any post-conviction proceedings, the Petitioner filed only a petition for writ of habeas corpus in the North Carolina Supreme Court on October 24, 2025, which was denied by that court October 28, 2025. Brand v. Dismukes, Docket No. 298P25-1 (N.C. Oct. 28, 2025). In his Petition for Writ of Habeas Corpus filed in this Court, Petitioner raises four constitutional claims sounding in ineffective assistance of counsel. [Doc. 1 at pp. 5; 7-8; 10].

The Court conducted an initial review of the petition on April 6, 2026. Upon such review, the Court came to the preliminary conclusions that the petition was filed outside of the applicable statute of limitations, and further that it was factually deficient. The Court entered an Order that day directing the Petitioner to cure these deficiencies by filing an amended petition with 21 days of the Court's Order. [Doc. 6]. On April 20, 2026, the Petitioner filed his amended petition. [Doc.7]. Upon review of the amended petition, and for

2

the reasons that follow, the Court will dismiss this action as untimely.

## II.    DISCUSSION

In reviewing a § 2254 petition, the Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs the district courts to dismiss a petition when it plainly appears from the petition and any exhibits that the petitioner is not entitled to relief.  Rule 4, 28 U.S.C.A. foll. § 2254. In this matter, the Petitioner's § 2254 petition as amended fails to comply with the applicable filing time period prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").    The AEDPA provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment.  28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The Petitioner was convicted of his state offense August 16, 2024. Since no direct appeal was filed, and since Petitioner had not asserted any grounds listed in § 2244(d)(1)(B) through § 2244(d)(1)(D) in his petition, Petitioner's state court judgment became final at the expiration of the time for filing a notice of appeal seeking direct review of it. See N.C.R. App. 4(a) (a party entitled to appeal from a judgment in a criminal action may take appeal by giving oral notice of appeal at trial, or filing notice of appeal with the clerk of superior court within fourteen days after entry of the judgment). Thus, Petitioner's 365-day limitations period began to run on August 30, 2024, fourteen days after the entry of his state judgment. The limitations period ran from that date until August 31, 2025, when the period for Petitioner to commence this action expired. Because the Petitioner gave no explanation, in response to Question 18 of his petition, regarding how he has complied with the applicable AEDAP limitations period, the Court granted him 21 days in which to explain why this matter should not be dismissed as untimely, including any reasons why statutory or equitable tolling should apply. Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).

4

In his amended petition, the Petitioner states:

<u>TIMELINESS OF PETITION</u>

Petitioner prays this Court to apply "Equitable Tolling" to his case due to the State's impediments to his access to the Courts. Petitioner cannot be expected to know what was not conveyed to him, or was kept from him. The impediments are varied and deep. In fact, all of what Petition now knows, only came to his knowledge after Honorable Martin Reidinger, Chief United States District Judge, provided his Order of April 4, 2026. A prison paralegal informed Petitioner of all included facts presented in this Amended Petition.

[Doc. 7 at 4 (errors uncorrected)].

The first sentence of the Petitioner's timeliness statement is confusing as he clearly requests upfront that the Court consider equitable tolling to save his petition from dismissal based on "the State's impediments to his access to the Courts." As applicable to cases governed by the AEDPA, an unconstitutional "impediment" created by state action that prevents the timely filing of a federal habeas petition is a term of art found in a different subsection, § 2244(d)(1)(B), of the limitations statute. In essence, that subsection delays the commencement of the one-year limitations period to "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action[.]" <u>Id.</u> While the Petitioner asserts the "impediments are varied and deep[,]" he does not

5

explicitly state what unlawful state-created impediments prevented him from filing this action, let alone when the state removed such impediments.

Taken in the light most favorable to the Petitioner, his timeliness statement is that his ignorance of the law, misunderstanding of the limitations period calculation, and lack of counsel were the unlawful state-created impediments forestalling the commencement of the federal statute of limitations. These circumstances, however, were not impediments preventing the Petitioner from filing a federal habeas action. The Petitioner's lack of appointed counsel is not an unconstitutional impediment because the Petitioner has no constitutional right to counsel in state or federal habeas corpus proceedings. Coleman v. Thompson, 501 U.S. 722, 752 (1991); Hunt v. Nuth, 57 F.3d 1327, 1340 (4th Cir. 1995). Further, ignorance of the law in general or the AEDPA's limitations period calculation in particular likewise does not fall into the category of unlawful state-created impediments. See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (finding petitioner is not entitled to equitable tolling because his "misconception about the operation of the statute of limitations is neither extraordinary nor a circumstance external to his control"). Because the lack of assigned post-conviction counsel and ignorance or confusion about habeas law and the functioning of the federal statute of limitations do not qualify as state-created

6

impediments to filing, any argument by the Petitioner for a belated start of the limitation period under 28 U.S.C. § 2244(d)(1)(B) is rejected.

Returning to the Petitioner's request that the Court apply equitable tolling, the Court cannot grant such request. Equitable tolling of the statute of limitations for an untimely § 2254 petition may apply where the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). It is appropriate in those "rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). The Petitioner cannot satisfy either requirement.

First, other than filing a single petition for writ of habeas corpus in the North Carolina Supreme Court more than one year after his conviction, the Petitioner has not explained how he has diligently pursued his rights to bring about this federal habeas action. On that basis alone the Petitioner is not entitled to equitable tolling. Second, Petitioner has described no circumstances – beyond his control – that stood in his way to prevent the

7

timely filing of his action.  All the Petitioner can state is that he "cannot be expected to know what was not conveyed to him, or was kept from him." [Doc. 7 at 4]. Even accepting this assertion as true, however, does not permit the Petitioner simply to sit idly by while his legal rights evaporate.  The Petitioner had an obligation to educate himself and expeditiously take control of his legal affairs.  He did none of these things.

The fact that Petitioner did not have the assistance of counsel or "the ability to access, engage, nor implement the 'law library' app on the tablet" [Doc. 7 at 2], does not constitute the type of extraordinary circumstances that would justify the application of equitable tolling as established by the courts. See, e.g., Coleman, 501 U.S. at 752 (no constitutional right to counsel in habeas corpus proceedings); Sosa, supra, 364 F.3d at 512 (in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling); Garcia Negrete v. United States, 2020 WL 2041342, slip op. at *2 (W.D.N.C. April 28, 2020) (attorney misadvice, lack of legal knowledge, and no law library access do not warrant equitable tolling); Buchnowski v. White, 2013 WL 171540, slip op. at *3 (W.D.N.C. January 16, 2013) (absence of law library is no ground for equitable tolling); Henriquez v. United States, 2012 WL 1564158, slip op. at *2 (E.D.N.C. May 2, 2012) (misplacement of legal papers and limited access to legal materials typically

are not grounds for equitable tolling). The Petitioner seeks equity in the form of suspending the normal operation of the limitations period, but his lack of diligence on his own behalf precludes equity's operation in this matter.

## III. CONCLUSION

The Petitioner fails to show that he diligently pursued his rights, and he likewise fails to show that circumstances external to his own conduct were the bases for the late filing of his § 2254 petition. The Petitioner has not established that he is entitled to equitable tolling to excuse the untimeliness of his § 2254 petition. As such, the § 2254 petition shall be dismissed.[2]

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (noting that, in order to satisfy § 2253(c), a prisoner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that, when relief is denied on procedural grounds, a prisoner must establish

---

[2] Even if Petitioner could show that it would be unconscionable to enforce the limitation period against him, which he cannot, Petitioner cannot show gross injustice would result. The Court warned the Petitioner in its prior Order that he risked the dismissal of his petition if he did not cure his failure to state any facts that show how or why the claims in his petition establish that viable constitutional violations occurred in the state proceeding. [Doc. 6 at pp. 4-5]. The Petitioner's amended petition, like his original, is replete with legal conclusions but devoid of factual content and is thus subject to dismissal pursuant to Rule 2 of the Rules Governing Section 2254 Cases.

both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

<u>O R D E R</u>

**IT IS, THEREFORE, ORDERED THAT**:

1. The Petition for Writ of Habeas Corpus and its Amendment thereto [Docs. 1; 7] are **DISMISSED**.

2. The Court **DECLINES** to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

3. The Petitioner's Motion for the Appointment of Counsel [Doc. 5] is **DENIED as moot**.

4. The Clerk of Court is respectfully directed to close this case.

**IT IS SO ORDERED.**

Signed: May 13, 2026

Martin Reidinger
Chief United States District Judge